**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **ROBERT A. ONG and DONNA L. ONG,** | : | **Bankruptcy No. 11-20954-BM** |
| | : | |
| Debtors. | : | **Chapter 7** |

.................................................................:................................................................

| | | |
|---|---|---|
| **Charles O. Zebley, Jr.,** | : | |
| Trustee/Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No's. 11-2266-BM &** |
| | : | **11-2267-BM** |
| **First Horizon Loans, a division of** | : | |
| **First Tennessee Bank, N.A. and** | : | |
| **Mortgage Electronic Registration** | : | |
| **Systems, Inc.,** | : | |
| Defendants. | : | |

Appearances:    Charles O. Zebley, for the Chapter 7 Trustee.
                Frank Kosir, Jr., for First Horizon Loans and Mortgage
                   Electronic Registration Systems, Inc.

**<u>MEMORANDUM OPINION</u>**

Charles Zebley, the Chapter 7 Trustee for the above-captioned debtors

(hereafter "the Trustee"), commenced the adversary proceeding at Adversary No.

11-2266-BM to avoid an unrecorded mortgage of First Horizon Loans (hereafter

"First Horizon") on real property owned by the instant debtors (hereafter "the

Debtors").  The Trustee commenced the adversary proceeding at Adversary No.

11-2267-BM to avoid as preferential several payments that were made by the

Debtors to or on behalf of First Horizon within 90 days of the commencement of

the instant bankruptcy case.

The Trustee names as defendants in his avoidance actions both First

Horizon and Mortgage Electronic Registration Systems, Inc. (hereafter "MERS"),

who apparently serviced such unrecorded mortgage on behalf of First Horizon.

For the sake of convenience, the Court means both First Horizon and MERS

when it refers herein to First Horizon unless the context clearly indicates

otherwise.

The Trustee now moves, by separate motions, for judgment on the

pleadings with respect to both of the instant adversary proceedings pursuant to

Fed.R.Civ.P. 12(c).[1]  First Horizon opposes both motions for judgment on the

pleadings.

The Court held a hearing on the Trustee's motions for judgment on the

pleadings on September 22, 2011.  After considering the positions of both

parties, the Court, for the reasons set forth below, shall convert both of the

Trustee's motions for judgment on the pleadings into motions for summary

judgment, and will then grant such motions unless First Horizon timely produces

evidence sufficient to withstand them.

## STATEMENT OF FACTS

The Debtors purchased realty at 416 East First Avenue, Derry Borough,

Westmoreland County, PA (hereafter "the Realty") on March 1, 1977.  On or

about August 15, 2008, the Debtors borrowed $110,000 from First Horizon.  In

consideration for such loan, the Debtors then granted First Horizon a mortgage

on the Realty (hereafter "the Mortgage").

The Trustee contends, and First Horizon concedes, that he has reviewed

---

[1]Fed.R.Civ.P. 12(c) is made applicable to the instant matter by Fed.R.Bankr.P. 7012(b).

the records at the Westmoreland County Recorder of Deeds Office, and that upon such review he was unable to verify that the Mortgage was ever recorded there.  Furthermore, First Horizon admits that it does not affirmatively assert that (a) such a record search by anyone other than the Trustee would reveal that the Mortgage was properly recorded, or (b) the Mortgage was ever properly recorded.  First Horizon, however, does not affirmatively concede that the Mortgage was never properly recorded.  Instead, First Horizon asserts, in its Answer, that (a) it is searching to ascertain whether proof can be located that would demonstrate that the Mortgage was properly recorded, (b) until such search is completed, it lacks sufficient information to admit or deny the Trustee's allegation that the Mortgage was never properly recorded, and (c) it thus must temporarily deny such allegation by the Trustee.

The Debtors filed their Chapter 7 bankruptcy petition on February 23, 2011.  The Debtors filed all of their bankruptcy schedules at the same time that they filed their Chapter 7 bankruptcy petition.  Such schedules provide information regarding the Mortgage.  The Debtors made monthly payments to First Horizon on the loan secured by the Mortgage of $988.72, and made a total of $2,966.16 in loan payments to First Horizon within 90 days of filing for bankruptcy protection.

The Trustee seeks to avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3) on the basis that it was not properly recorded as of February 23, 2011, when the Debtors filed for bankruptcy protection.  The Trustee also seeks to avoid as preferential, pursuant to 11 U.S.C. § 547(b), the $2,966.16 in loan

3

payments that were made by the Debtors within 90 days of the date of their

bankruptcy petition filing.  Such preference action is predicated largely on the

Trustee's position that, if he is successful in avoiding the Mortgage, then First

Horizon was unsecured when it received the $2,966.16 in loan payments.

### DISCUSSION

At the outset, the Court notes that First Horizon defends against the

Trustee's preference action only by essentially contending that (a) the Mortgage

is not avoidable via § 544(a)(3), and (b) First Horizon was thus a secured creditor

by virtue of the Mortgage when the $2,966.16 in loan payments were made.  First

Horizon thus implicitly concedes – and the Court, after quickly applying § 547(b)

to the instant matter, must conclude in any event – that, if the Trustee is

successful in avoiding the Mortgage under § 544(a)(3), then not only was First

Horizon an unsecured creditor but the $2,966.16 in loan payments are thus

avoidable as preferences.  The Court will now proceed to analyze the Trustee's

§ 544(a)(3) avoidance action.

Pursuant to § 544(a)(3),

[t]he trustee shall have, as of the commencement of the

case, and without regard to any knowledge of the trustee or of any

creditor, the rights and powers of, or may avoid any transfer of

property of the debtor ... that is voidable by –

...

(3)  a bona fide purchaser of real property ... from the

debtor, against whom applicable law permits such transfer to

4

be perfected, that obtains the status of a bona fide purchaser

and has perfected such transfer at the time of the

commencement of the case, whether or not such a

purchaser exists.

11 U.S.C.A. § 544(a)(3) (West 2011).  Therefore, pursuant to § 544(a)(3),

the trustee is given the rights and powers of a bona fide purchaser

of real property from the debtor if at the time of the commencement

of the case a hypothetical buyer could have obtained bona fide

purchaser status, so the trustee can avoid any liens or

conveyances that a bona fide purchaser could avoid.  As a

hypothetical bona fide purchaser, the trustee under this subsection

is deemed to have conducted a title search, paid value for the

property and perfected its interest as a legal title holder as of the

date of the commencement of the case.

5 Collier on Bankruptcy, ¶ 544.05 at 544-16 (Bender 2010).

"State law governs who may be a bona fide purchaser and the rights of

such a purchaser for purposes of subsection 544(a)(3)."  Id.  Therefore, "the

trustee's right as a bona fide purchaser does not override state recording statutes

and permit avoidance of any interest of which a trustee would have had

constructive notice under state law."  Id. at 544-17.  As well, "where there are

[other] matters of record giving constructive notice of a competing interest

[pursuant to relevant state law] – for example, because of ... a divorce decree, a

pending divorce proceeding, a lis pendens, or an inquiry notice of a prior claim –

5

the trustee is precluded from using the avoiding powers."  5 Collier on

Bankruptcy, ¶ 544.02[2] at 544-7 (Bender 2010).  However, "even if a state's

substantive law is such that actual knowledge will operate to prevent one from

attaining the status of a bona fide purchaser, 'bankruptcy law renders a trustee's

actual knowledge of a lien or defect irrelevant by virtue of the provisions of

§ 544(a)(3).'"  In re O'Connor, 432 B.R. 175, 178 (Bankr.W.D.Pa. 2010) (quoting

In re Houston, 409 B.R. 799, 806 (Bankr.D.S.C. 2009)); see also 5 Collier on

Bankruptcy, ¶ 544.05 at 544-17 (same).

As set forth above, the Trustee seeks to avoid the Mortgage pursuant to

11 U.S.C. § 544(a)(3) on the basis that it was not properly recorded as of the

time when the Debtors filed for bankruptcy protection.  First Horizon formally

disputes, albeit feebly, that the Mortgage was not properly recorded at such time.

First Horizon also argues, much more strenuously, that, even if the

Mortgage was not properly recorded when the Debtors filed for bankruptcy

protection, constructive notice of the same existed at such time, thereby

precluding the Trustee from avoiding the Mortgage via § 544(a)(3).  First Horizon

contends that such constructive notice took the form of the Debtors' bankruptcy

schedules, which schedules, as set forth above, (a) were filed at the same time

that the Debtors filed for bankruptcy, and (b) provide information regarding the

Mortgage.

The Trustee disagrees that the Debtors' bankruptcy schedules can

operate to provide such constructive notice.  The Trustee also argues that, even

if the Debtors' bankruptcy schedules can serve to provide such constructive

6

notice, they provide notice of a mortgage that is void in any event.  The Trustee

so argues because (a) he contends that the Mortgage was not recorded, and (b)

an unrecorded mortgage in Pennsylvania, according to the Trustee, is void as

against a subsequent purchaser, pursuant to 21 P.S. §§ 444 and 621, even if

such subsequent purchaser has knowledge of such mortgage.  First Horizon

disagrees that an unrecorded mortgage in Pennsylvania is void if a subsequent

purchaser has notice of the same.

First, the Court, for the reasons that are set forth in greater detail below,

rejects First Horizon's position that the Debtors' bankruptcy schedules served to

provide constructive notice to the Trustee of the Mortgage sufficient to defeat the

Trustee's strong arm power under § 544(a)(3).  Because the Court so holds, and

since the Trustee did not have constructive notice of the Mortgage in any other

manner, the Court need not decide whether the Mortgage is void, pursuant to 21

P.S. §§ 444 and 621, even if it were true that the Trustee had constructive notice

of the Mortgage.  The Court notes, as an aside, that it is relieved that it need not

decide the true impact of 21 P.S. §§ 444 and 621 upon an unrecorded mortgage

in Pennsylvania in the instance where a subsequent purchaser has notice of

such mortgage.  The reason for the Court's relief is the apparent great difficulty in

reconciling, on the one hand, §§ 444 and 621, both of which essentially provide

that an unrecorded mortgage in Pennsylvania is void even as against a

subsequent purchaser *who has notice of such mortgage*, with 21 P.S. § 351, on

the other hand, which provides to the contrary, that is that an unrecorded

mortgage in Pennsylvania will prevail as against the interest of any subsequent

7

purchaser who has notice of such mortgage.  *See* <u>In re Bella Vista Associates,</u>

<u>LLC</u>, 388 B.R. 99, 103-06 (Bankr.D.N.J. 2008) (noting the difficulty in reconciling

§§ 351 and 444, which latter provision is very similar to § 621).

First Horizon relies exclusively on this Court's decision in <u>In re Lauver</u>, 372

B.R. 751 (Bankr.W.D.Pa. 2007), in support of its position that the Debtors'

bankruptcy schedules served to provide constructive notice to the Trustee of the

Mortgage sufficient to defeat the Trustee's strong arm power under § 544(a)(3).

The Court indeed held in <u>Lauver</u> that, "[p]rovided that they are filed

*contemporaneously* with a voluntary [bankruptcy] petition, information in a

debtor's schedules ... may provide a [bankruptcy] trustee for purposes of

§ 544(a)(3) with [constructive] notice of the existence and nature of a creditor's

claim [or interest] 'at the commencement of the case.'"  <u>Id.</u> at 760.  First Horizon

contends that the foregoing holding in <u>Lauver</u> supports its position in the instant

matter because, as set forth above, the Debtors' bankruptcy schedules were filed

contemporaneously with their Chapter 7 petition, and such schedules disclose

the existence of the Mortgage.

This Court relied upon the Ninth Circuit's decision in <u>In re Professional</u>

<u>Investment Properties of America</u>, 955 F.2d 623 (9th Cir. 1992), when holding as

it did in <u>Lauver</u>.  *See* <u>Lauver</u>, 372 B.R. at 758-60.  The Ninth Circuit in

<u>Professional Investment</u> held, in a somewhat similar vein, that information

contained in an *involuntary* bankruptcy petition could provide constructive notice

sufficient to defeat a bankruptcy trustee's strong arm power under 544(a)(3).

*See* <u>Professional Investment</u>, 955 F.2d at 628-29.

8

When this Court in <u>Lauver</u> relied upon the foregoing decision in

<u>Professional Investment</u>, and then extended the holding therein to schedules that

are filed contemporaneously with a *voluntary* petition, it then accepted as correct

such decision in <u>Professional Investment</u>.  The Court, after much present

deliberation, has now determined that it disagrees with <u>Professional Investment</u>.

The Court so disagrees because it finds persuasive the analysis that is contained

in <u>In re Wohlfeil</u>, 322 B.R. 302 (Bankr.E.D.Mich. 2005), which analysis

culminated in a ruling that is contrary to the decision in <u>Professional Investment</u>,

*see* <u>Wohlfeil</u>, 322 B.R. at 305-06.  The <u>Wohlfeil</u> Court held, in particular, that:

> The difficulty with the conclusion in <u>Professional Inv[estment]</u>
> is that it fails to recognize that the trustee's strong arm powers
> emerge "as of the time of the commencement of the case."  11
> U.S.C. § 544(a).  Further, the trustee has the status of a bona fide
> purchaser that has perfected the transfer "at the time of the
> commencement of the case."  11 U.S.C. § 544(a)(3).  Thus, if the
> trustee has attained that status as of the time the case is
> commenced, that status cannot, in effect, be undone by information
> that is contained in the petition.
>
> Moreover, ... there would be little or nothing left to the
> trustee's avoiding power under § 544(a)(3) if the debtor's disclosure
> of the transfer had the effect asserted by the defendants.  The
> Court concludes that Congress explicitly foresaw and rejected such
> a result, and that the disclosures in the debtors' schedules and

statement of financial affairs cannot constitute such constructive

notice of a prior interest that would defeat the trustee's status as a

bona fide purchaser.

Id. at 305-06.

What the Wohlfeil Court essentially held is that matters of record that are

not in existence by, at the latest, immediately prior to the instant that a

bankruptcy petition is filed cannot constitute constructive notice to a bankruptcy

trustee sufficient to defeat such trustee's strong arm power under § 544(a)(3);

because a debtor's bankruptcy schedules cannot exist as of record at any time

prior to the instant that a bankruptcy petition is filed, such schedules thus cannot

possibly serve to provide such constructive notice.  This Court adopts such

holding in Wohlfeil and thus now holds, contrary to the way that it did in Lauver,

that information contained in a debtor's bankruptcy schedules cannot serve to

provide constructive notice to a bankruptcy trustee sufficient to defeat such

trustee's strong arm power under § 544(a)(3), even if such schedules are filed

contemporaneously with a bankruptcy petition.[2]

Therefore, the Debtors' bankruptcy schedules did not serve to provide the

Trustee with constructive notice of the Mortgage sufficient to defeat his strong

arm power under § 544(a)(3).  Accordingly, the Mortgage is avoidable pursuant

---

[2]The Court notes that the Ninth Circuit, in In re Deuel, 594 F.3d 1073, has recently (a) expressly confined its constructive notice holding in Professional Investment to information that is disclosed in an involuntary petition, see Deuel, 594 F.3d at 1078, and (b) thus ruled in a manner that is consistent with Wohlfeil and how this Court now rules regarding information that is contained in a schedule that is filed contemporaneously with a voluntary petition, that is that the latter information does not serve to provide constructive notice sufficient to defeat a trustee's strong arm power under § 544(a)(3), see Id. at 1076-79.

to § 544(a)(3) if it was not properly recorded with the Westmoreland County Recorder of Deeds Office when the Debtors filed for bankruptcy.

As set forth above, the Trustee contends that the Mortgage was not properly recorded with the Westmoreland County Recorder of Deeds Office at the time when the Debtors filed for bankruptcy, and First Horizon disputes such contention.  Also as set forth above, the basis for such disagreement by First Horizon is that, until it completes a search of records and files, it lacks sufficient information to admit or deny such contention.  The Court views such position by First Horizon very skeptically given that First Horizon (a) concedes that the Trustee visited the Westmoreland County Recorder of Deeds Office, reviewed the records there, and was unable while there to verify that the Mortgage was ever recorded, (b) does not question the competence of the Trustee to review such records, and (c) certainly should have completed its search of records and files between June 20, 2011, when it filed its Answer and September 22, 2011, when the Court heard the Trustee's instant motions for judgment on the pleadings.

Given the foregoing, the Court holds that First Horizon's basis for such dispute would certainly be insufficient to make such dispute genuine and thereby allow First Horizon to withstand motions for summary judgment were the Court presently entertaining motions for the same.  However, the Trustee has moved for judgments on the pleadings, not for summary judgments.  That is problematical for the Trustee because, when considering a motion for judgment on the pleadings, "[a]ll of the nonmoving parties' allegations are deemed to be

11

true, and all of the movants' contrary assertions are taken to be false." <u>Mata v.</u>
<u>Anderson</u>, 760 F.Supp.2d 1068, 1083 (D.N.M. 2009).  Applying the foregoing rule
of law to the instant matter, the Court, for purposes of the instant motions only,
must technically find that the Mortgage was properly recorded with the
Westmoreland County Recorder of Deeds Office at the time when the Debtors
filed for bankruptcy.

However, it seems to the Court that what the Trustee is essentially
attempting to do by bringing his motions for judgment on the pleadings is to get
the Court to assess whether First Horizon has sufficient evidence to withstand
that which the Trustee has pled.  In other words, the Trustee is asking for the
Court to look outside of the pleadings in order to resolve the dispute regarding
whether the Mortgage was properly recorded.  Therefore, and because resolution
of the issue surrounding the recording or not of the Mortgage is necessary in
order to dispose of the Trustee's motions for judgment on the pleadings, the
Court will exercise its discretion and treat such motions as motions for summary
judgment under Fed.R.Civ.P. 56.  *See* Fed.R.Civ.P. 12(d), 28 U.S.C.A. (West
2011) (made applicable to the instant adversary proceeding by Fed.R.Bankr.P.
7012(b)).

Because the Court converts the Trustee's motions for judgment on the
pleadings into motions for summary judgment, the Court cannot immediately
dispose of such motions.  Instead, the Court must give First Horizon a
reasonable opportunity to defend such converted motions in accordance with
Fed.R.Civ.P. 56.  *See* <u>Id.</u>  Therefore, First Horizon shall have 21 days from the

12

date of the instant Memorandum Opinion to produce evidence sufficient in weight to withstand summary judgment regarding the Trustee's contention that the Mortgage was not properly recorded at the time when the Debtors filed for bankruptcy, after which the Trustee will have 14 days to file a reply.  If First Horizon fails to timely produce such evidence, then summary judgments will automatically be granted in favor of the Trustee, without any further hearing or order by the Court, as to both of the Trustee's avoidance actions.

## CONCLUSION

For all of the foregoing reasons, the Court (a) shall convert the Trustee's motions for judgment on the pleadings into motions for summary judgment, and (b) will grant such motions for summary judgment automatically, without any further hearing or order by the Court, unless First Horizon, within 21 days from when the instant Memorandum Opinion is dated, produces evidence sufficient in weight to withstand summary judgment regarding the Trustee's contention that the Mortgage was not properly recorded at the time when the Debtors filed for bankruptcy.

**BY THE COURT**


**/s/**_____
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

**DATED:      October 28, 2011**

13

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **ROBERT A. ONG and DONNA L. ONG,** | : | **Bankruptcy No. 11-20954-BM** |
| | : | |
| Debtors. | : | **Chapter 7** |
| ...................................................... | :.................................................................. | |
| **Charles O. Zebley, Jr.,** | : | |
| Trustee/Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No's. 11-2266-BM &** |
| | : | **11-2267-BM** |
| **First Horizon Loans, a division of** | : | |
| **First Tennessee Bank, N.A. and** | : | |
| **Mortgage Electronic Registration** | : | |
| **Systems, Inc.,** | : | |
| Defendants. | : | |

## ORDER OF COURT

**AND NOW,** this **28th day** of **October, 2011**, for the reasons set forth in

the accompanying Memorandum Opinion of the same date; and subsequent to

notice and a hearing on the matters that was held on September 22, 2011, it is

**hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)     the Trustee/Plaintiff's motions for judgment on the pleadings are

**CONVERTED** into motions for summary judgment;

(b)     the Defendants shall, within **21 days** from the date of the instant Order of

Court, **respond** to the Trustee/Plaintiff's reconstituted summary judgment

motions, **failing which such summary judgment motions will**

**automatically be granted in favor of the Trustee/Plaintiff without any**

**further hearing or order by the Court**; and

(c)     the Trustee/Plaintiff shall file a **reply** within **14 days** if, and then after, the

Defendants file such a response.

**BY THE COURT**

**/s/**_____
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

copies to:

Charles O. Zebley, Esq.
P. O. Box. 2123
Uniontown, PA 15401

Frank Kosir, Jr., Esq.
Geraghty & Associates PC
603 Stanwix Street, Suite 2050
Pittsburgh, PA 15222

(To be served by case administrator)

2